RECEIVED
DEC 13 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

UNITED STATES

versus                           CRIMINAL NUMBER 05-50066-08
                                 JUDGE TOM STAGG

JOHN O'NEAL

---

## MEMORANDUM RULING

Before the court is a motion to sever filed by defendant John O'Neal ("O'Neal") in the above-captioned matter. See Record Document 101. For the reasons that follow, O'Neal's motion is **DENIED**.

### A.  Facts.

O'Neal has been charged in three counts of a sixteen count indictment with knowingly and intentionally conspiring and agreeing together to possess with the intent to distribute 50 grams and more of crack cocaine, knowingly and intentionally possessing with the intent to distribute 5 grams and more of crack, and possessing and carrying firearms during, in relation to, and in furtherance of drug trafficking crimes. See Record Document 84. O'Neal moves the court for an order severing him from his seven co-defendants in the indictment and granting him a separate trial. He argues that joinder with the other defendants is so prejudicial that it should outweigh any concerns of judicial economy.

## B. Application Of The Law.

Federal Rule of Criminal Procedure 8(b) provides that when multiple defendants are alleged to have participated in the same act or transaction, they may be charged together in the same indictment. The propriety of joinder will often be assessed by looking to the allegations contained in the indictment. See United States v. Chagra, 754 F.2d 1186, 1188 (5th Cir. 1985). Moreover, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," particularly when a conspiracy charge is involved. Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 937 (1993); United States v. Neal, 27 F.3d 1035, 1045 (5th Cir. 1994). Joinder of defendants charged with conspiracy may be proper even when some of the conspirators participated only in some aspects of the scheme. See United States v. Lindell, 881 F.2d 1313, 1318 (5th Cir. 1989).

Federal Rule of Criminal Procedure 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In order to obtain a Rule 14 severance, the defendant must make a showing of specific and "compelling prejudice." United States v. Richards, 204 F.3d 177, 193 (5th Cir. 2000), overruled on other grounds by United States v. Longoria, 298 F.3d 367, 372 & n. 6 (5th Cir. 2002); United States v. Coppola, 788 F.2d 303, 307 (5th Cir. 1986).

O'Neal essentially contends that evidence of a conspiracy with different defendants participating in acts forming the basis of different counts will be confusing to the jury with the inherent potential that the jurors will not be able to keep the evidence separate in their minds, with respect to each charge and each separate defendant. O'Neal also contends that the evidence cumulated against his co-defendants will work to his harm and prejudice, asserting simply that he "was, by happenstance, in the wrong place at the wrong time." Record Document 120 at 2. The grand jury, however, thought otherwise. In addition, the possibility that evidence against a co-defendant may "spill over" onto the defendant is insufficient to demonstrate compelling prejudice, particularly when the court gives limiting instructions. See United States v. Henthron, 815 F.2d 304, 308 (5th Cir. 1987). O'Neal's motion for severance is, therefore, **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of December, 2005.

JUDGE TOM STAGG